# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6541 | **DATE** | 10/9/2002 |
| **CASE TITLE** | VASQUEZ, ET AL vs. COUNTY OF LAKE, ET AL | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (30-1) for attorney fees is granted/denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | **OCT 10 2002** | | |
| | Notified counsel by telephone. | | date docketed | | 46 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| DW | | courtroom deputy's initials | U.S. DISTRICT COURT | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AMADOR VASQUEZ, SILVERIA VASQUEZ,
ARMONDO ZIRES, JOSE ZIRES, BARBARA
RICHARDSON, JACK ANDERSON, COLIN
McRAE, JACK POTTER, DAVID N.
BIRKHAUSEN, RONALD K. WEEKS,



      Plaintiffs,

      v.

No. 01 C 6541
Judge James B. Zagel

COUNTY OF LAKE, ILLINOIS, a Body Corporate
and Politic, and WILLARD HELANDER, in her
official capacity as County Clerk for the County of
Lake, Illinois,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiffs seek an award of attorneys' fees in connection with their action to enjoin defendants County of Lake, Illinois and Willard Helander (together, "Lake County") from conducting elections pursuant to a redistricting plan passed by the Lake County Board. Plaintiffs alleged a violation of the Voting Rights Act, 42 U.S.C. §1971, *et. seq.*, in that the plan approved by the Lake County Board dilutes Hispanic voting strength and because such plan did not conform to the Illinois Counties Code, 55 ILCS 5/2-3003. On December 7, 2001, after I entered an order invalidating the plan approved by the Lake County Board, Lake County created a revised redistricting plan that contains a Hispanic super-majority in excess of 65 percent in the Waukegan area and minimizes the population deviation. On January 18, 2002, I entered an order directing that the revised plan adopted on December 7, 2001 shall govern all applicable elections until the next decennial apportionment.

Lake County argues that its actions in creating a revised plan were voluntary[1] and, therefore, plaintiffs are not properly considered "prevailing parties" and are consequently not entitled to recover attorneys' fees pursuant to the Supreme Court's decision in *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

---

[1]     I note that Lake County's actions were only "voluntary" insofar as it knew it could not defend the original board-adopted plan because such plan's population differentials were in contravention of state law.

The Court in *Buckhannon* sought to clarify its previous rulings and make clear that a party is entitled to attorneys' fees only when there occurs a "material alteration of the legal relationship of the parties" (quoting *Texas State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). In addressing what disposition of a case rises to the level of such a "material alteration," the Court discussed consent decrees and noted that "[a]lthough a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant," *id.* at 604 (quoting *Texas State Teachers Ass'n*, 489 U.S. at 792). What the Court found most important about consent decrees that merited their inclusion on the "side of the line" that merits attorneys' fees was that they "entail . . . judicial approval and oversight . . . ." *Id.* at 604 n.7.

This is a very close issue but I believe that plaintiffs fall on this same side of the line and are "prevailing parties" within the meaning enunciated in *Buckhannon*. The *Buckhannon* Court does not require an admission of liability and, indeed, there is none here. The Court does, however, require that there be "judicial approval and oversight," *id.*, at 604, n.7, and the unusual circumstances of the settlement and the subsequent order I entered meet that standard. Were Lake County to breach the agreement, I retain jurisdiction over the matter and plaintiffs could seek a remedy in my court.[2]

Having decided that plaintiffs are entitled to some attorneys' fees, I turn now to Lake County's arguments that plaintiffs' claimed attorneys' fees should be reduced. Taking the most significant challenge first, I reject Lake County's argument that plaintiffs are not entitled to recover attorneys' fees in connection with the state claim pursuant to the Illinois Counties Code as well as the federal claim pursuant to the Voting Rights Act. The state and federal claims are based on the same core of operative facts and are not properly considered as two discrete claims.

---

[2]        *Buckhannon* also addresses Lake County's argument that this case was mooted by the Lake County Board's approval on December 7, 2001 of the revised plan. I note that there was nothing to stop the Lake County Board from adopting any number of revised plans at any point in time, any one of which could have reversed the effects of the December 7, 2001 plan. My order of January 18, 2002 addressed this issue and binds the Lake County Board to the revised plan for 10 years. The Court in *Buckhannon* also addressed the concept of mootness in this context by noting that "for so long as the plaintiff has a cause of action for damages, a change in conduct will not moot the case." *Id.* at 608-09. The Court noted that a case can only be considered moot if subsequent events make it absolutely clear that the challenged practice count not reasonably be expected to recur. *Id.* at 609 (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Serv. (TOC), Inc.*, 528 U.S. 167 (2000) (internal quotation marks and citations omitted). I do not find that to be the situation here.

2

*Hensley v. Eckerhard*, 461 U.,S. 424, 435 (1983). Other courts have specifically found this to be the case in redistricting litigation. *See, e.g., Daggett v. Kimmelman*, 617 F. Supp 1269, 1271 (D.N.J. 1985).

Next, Lake County argues that the attorneys' fees should be reduced because the hours expended are unreasonable, plaintiffs' counsel charged varying amounts of time for attending the same meetings, plaintiffs' counsel charged travel time, the number of attorneys was excessive and the time claimed reflects duplicative work by different attorneys. Taking the remainder of Lake County's arguments together, and having considered each carefully in light of the circumstances of the litigation, I find that a reduction in the plaintiffs' attorneys' fees by 25 percent represents a more appropriate fee award for plaintiffs.

For the foregoing reasons, plaintiffs' motion for attorneys' fees and costs [30-1] is GRANTED in part and DENIED in part.

ENTER:

James B. Zagel
United States District Judge

DATE: 9 Oct 2002

3